# BROWN

*v.*

## THE BALTIMORE & OHIO RAILROAD COMPANY.

---

AMENDMENT OF PLEADINGS ; GENERAL ISSUE ; RELEASE OF CLAIM
FOR DAMAGES.

1. The granting of leave to file additional pleas is within the discretion
   of the trial court as matter of amendment of the pleadings, and
   is not subject to review on appeal.
2. In an action for damages for personal injuries, releases by the plain-
   tiff are admissible in evidence under a general issue plea of not
   guilty.
3. *Quaere* whether an employee may by pre-contract, independent of
   a subsequent release, exonerate his employer from liability for
   injuries resulting from negligence or otherwise.
4. But a release by an employee of his employer of all claims for dam-
   ages for injuries resulting from an accident occurring during the
   employment, is valid and binding although based upon such a
   pre-contract.

No. 404.   Submitted March 21, 1895.   Decided May 7, 1895.

HEARING on an appeal by the plaintiff from a judgment
upon a verdict directed by the court, in an action for dam
ages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion :

*Mr. Blair Lee* and *Mr. J. D. Arnold,* for the appellant:

1. Railroads cannot screen themselves from liability to
their employees for injuries that may be received in the
service of the roads by so stipulating in the contract of em-

ployment.   Such immunity is against public policy.   *Railroad Co.* v. *Spangler*, 44 Ohio St. 471; *Roesner* v. *Hermann*, 8 Fed. Rep. 782 ; *Railroad Co.* v. *Peavey*, 29 Kan. 169 ; 2 Thompson on Neg. 1025.   Strictly, they are not contracts, but conspiracies for wrong-doing, which are not enforceable, since the law cannot be invoked to defeat itself.   Am. & Eng. Ency. of Law, vol. IX, page 880, and cases cited.

A railway corporation, by reason of the nature of its business, the privileges accorded it and the inevitable clash between dividends and human life in the management of its affairs, should be held to a higher degree of accountability than a private employer, and the most conservative judicial opinion tends in this direction.   *Railway Co.* v. *Stevens*, 95 U. S. 660.   In *O'Neil* v. *Iron Co.*, 63 Mich. 691, a contract or release was declared void where the circumstances have a striking similarity to the case at bar.   The Iron Co. and its employees had contributed fifty per cent. each, to a relief fund for the benevolent objects usually set forth in such enterprises.   The company advertised the fact at the outset that "all employees assume their own risk of accidents or illness, from *whatever* cause."   This the court held to be an incorrect statement of the law, but which might have been relied upon by the employee ; that the employee must be *fully* informed of the company's liability to make the release valid ; and finally that the fund was held by the company as trust money and did not belong to it in any other right than as *trustee*, and the payments (mentioned in the releases), were made in that capacity.

2.   The releases pleaded are a part of the illegal contract, between the same parties, and accomplish the object for which the illegal contract was made, and are therefore void. Kent's Comm. vol. II, 467 ; *Blythe* v. *Lovingood*, 2 Ired. 20 ; 78 N. C. 565 ; *Davidson* v. *Lanier*, 4 Wall. 455 ; *Embry* v. *Jamison*, 131 U. S. 336 ; *Fisher* v. *Bridges*, 3 Ellis & B. (Q. B).

Courts will not enforce a contract growing immediately out of, and connected with, an illegal act.   *Armstrong* v. *Toller*, 11 Wheat. 258.

3. The effect of the illegal contract should have been left to the jury.  A release of claims for personal injury is scrutinized with great care ; to be upheld it must have been made upon sufficient consideration.    *Kennerty* v. *Phosphate Co.,* 43 Am. Rep. 607; *Tomkins* v. *Railroad Co.,* 66 Cal. 163.    If the release was procured by fraud, unfair advantage, or mistake, it will not stand.    *Railroad Co.* v. *Shay,* 82 Pa. St. 198 ; *Railroad Co.* v. *Brazzil,* 72 Tex. 233 ; *Rose* v. *Railroad Co.,* 12 Atl. Rep. 78 ; *Hobbs* v. *Electric Light Co.,* 75 Mich. 550 ; *Horwitz* v. *Forbes,* 22 Atl. Rep. 267.    The injured party must, when he signs the release, be made acquainted with its contents, and must intend to sign such an instrument as it set up as a bar to his action. *Shultz* v. *Railroad Co.,* 44 Wis. 638 ; *Sobieski* v. *Railroad Co.,* 41 Minn. 169; *Packet Co.* v. *Defries,* 94 Ill. 598 ; 34 Am. Rep. 245 ; *Railroad Co.* v. *Mills,* 105 Ill. 63 ; 11 Am. and Eng. R. Cas. 128; *George* v. *Railroad Co.,* 34 Ark. 613 ; 1 Am. and Eng. R. Cas., 294.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee :

1. It is undoubtedly true as a general principle that a railroad company cannot contract to rid itself from responsibility for its negligence or the negligence of its agents.   It has been decided that such contracts are void as against public policy.  *Railroad Co.* v. *Butler,* 57 Pa. St. 335.   But that is not the question presented in this case.   If Brown had not actually executed the releases and the company, by way of defence, had set up his prior contract, it might be a question whether his precontract releasing the company from liability was void on the ground of public policy.

But while this is a very large question and might admit of a good deal of controversy, it is not necessary to be decided in this case.   The plaintiff voluntarily entered into the relief association and was injured, perhaps, by his own fault, perhaps through the carelessness of the railroad company, as it may be conceded for the purposes of argument,

and certainly for two or three months after the accident and for how much longer does not appear he accepted the benefits provided for by the constitution and by-laws of the relief association, and having done this he seeks to hold the railroad company liable to him in damages. It would not only be inequitable but it would be unjust to allow him to blow hot and cold in this fashion. *Fuller* v. *Railroad Co.,* 67 Md. 433 ; *Owens* v. *Railroad Co.,* 35 Fed. Rep. 715 Ohio ; *Martin* v. *Railroad Co.,* 41 Fed. Rep. 125 (W. Va.). This last was a case identically like the one at bar, and the very same provisions in the same relief association were before that court. The same question was decided in the case of *Black* v. *Railroad Co.,* 36 Fed. Rep. 655 (Md.), and in *Spitze* v. *Railroad Co.,* 23 Atl. Rep. 307 (Md.). See also *Read* v. *Railway Co.,* L. R. 3 Q. B. 555 ; *Griffiths* v. *Earl of Dudley,* 9 Q. B. D. 357 ; *Railroad Co.* v. *Bishop,* 50 Ga. 465 ; Patterson's Railway Accident Law, 508.

2. In the present case it was claimed below that Brown, the plaintiff, did not read or perhaps did not understand the nature of the releases which he signed ; but, as was held in the case *Gulliher* v. *Railroad Co.,* 59 Iowa, 416, a party having the capacity to read an instrument and who signed it without reading it and without requesting it to be read to him, is bound thereby if no device is used to put him off his guard, and in the case *Railroad Co.* v. *Lewis,* 19 A. & E. Railroad Cases, 224 (Ill.), it was held that the release of a claim for damages fairly obtained and understandingly executed is an effectual bar to the action. The plaintiff himself testified that the releases were not read over to him and that they were all signed before he knew the serious nature of his injuries, but that he did not execute the releases upon the faith of any representations made to him, because he did not read the releases and did not know their contents when he signed them, and it is not pretended that the plaintiff did not have an opportunity to read the releases or that he was in any way imposed upon in the transaction.

We submit that there is absolutely no evidence of fraud

in obtaining the execution of the releases, and hence it was not only proper for the court so to hold as a matter of law, but it would have been error to have permitted the question of fraud to have been submitted to the jury in the total absence of any evidence to sustain it.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action to recover for personal injuries suffered by the plaintiff, alleged to have been caused by the negligence of the defendant. The accident and injury complained of occurred while the plaintiff was in the employ of the defendant company, and while in the performance of his duty as such employee. He was a brakeman on a freight train of cars, and he received the injury in the attempt, under direction, to couple a loaded car to the train. The accident occurred on the 13th of June, 1887, and the action was not brought until the 28th of May, 1890.

The declaration contains four counts, setting forth the facts attending the happening of the injury with some variation of statements ; and the defendant, in the first instance, pleaded the general issue plea of not guilty as alleged. Subsequently, during the course of the trial, and under special leave of the court, three additional pleas were filed, setting up in bar of the action three several releases of the plaintiff under seal, all of the same general import, and dated respectively, August 11th, 1887, August 21st, 1887, and September 22d, 1887, whereby the plaintiff, for the consideration in said releases mentioned, did release and forever quit-claim and discharge the defendant from all claims or demands for damages, indemnity, or other form of compensation whatever, which the plaintiff then had or which he should or might at any time thereafter have against the defendant for or by reason of the injuries alleged in the declaration. It does not appear that there were any special replications made to these additional pleas,

though the trial proceeded as if they had been simply traversed or denied. The right to file the additional pleas was denied by the plaintiff, but his objection was overruled, and he excepted. But it is quite clear that such ruling of the court was not the subject of an appeal, and therefore not the subject of an exception. It was a matter that rested in the sound discretion of the trial court, as matter of amendment of the pleading. The releases, however, were admissible in evidence under the general issue plea of not guilty. *Shafer* v. *Stonebraker*, 4 Gill & J. 346, 355; I Chitt. Pl. (1st ed.) 386.

In the course of the trial several bills of exception were taken by the plaintiff; but in the view we take of this case it will be quite unnecessary to examine all the questions raised by these exceptions in detail. The leading question involved being ruled against the plaintiff, the other questions presented become unimportant to be decided.

After the plaintiff had given evidence of the facts attending the happening of the accident and the injury suffered by him, the defendant, as set forth in the third bill of exception, gave in evidence a copy of an act of the General Assembly of the State of Maryland, approved May 3, 1882, incorporaiing the Baltimore and Ohio Employees' Relief Association ; a copy of the constitution and by-laws of the association, as the same existed in 1887 ; a certificate of membership in said association issued to the plaintiff April 5th, 1887, and the application for and contract of membership in said association, dated the 5th of April, 1887 ; and the three releases from the plaintiff to the defendant company, in pursuance of the contract of membership, bearing date respectively August 11th, 1887; August 21st, 1887, and September 22d, 1887, and being the same which were pleaded by the defendant. Evidence was given of the execution of the releases by the plaintiff, and the circumstances under which they were executed. There was no evidence legally sufficient to be submitted to the jury of any fraud or imposition practiced upon the plaintiff, to in-

duce him to execute the releases.   They were executed as the voluntary act of the plaintiff.

In such state of case, the principal and controlling question is, whether, upon any principle of reason or public policy, the releases pleaded and given in evidence should be denied the ordinary effect of a release under seal of an existing cause of action, or supposed cause of action, for which the releasor might have a right to sue ?

At the close of the evidence, the defendant moved the court to direct the jury to render their verdict for the defendant, and that motion was granted by the court, the court holding that the plaintiff was concluded by the releases, there being no evidence of fraud or imposition in obtaining them from him.

The Baltimore and Ohio Employees' Relief Association was organized under the Maryland act of 1882 ; and while a separate corporation, it was and has been intimately connected with the Baltimore and Ohio Railroad Company— that company contributing largely to the funds of the association, and, under the constitution and by-laws of the association, none but the employees of the railroad company could become members of the association.   The association combines many of the principles of an ordinary mutual relief association, its object being, as declared by its constitution, " to provide for its members while they are disabled by accident, sickness, or by old age, and at their deaths, for their families."

In the second section of the act of incorporation, it is provided, that the committee of management and the board of trustees may adopt such constitution and by-laws, rules and regulations, as may be deemed proper to accomplish the objects of the association ; and that " such by-laws or constitution may proscribe the terms and conditions on which members of the association and the beneficiaries thereof shall become entitled to the benefits provided by the association."   And by the third clause of Article III of the constitution, it is provided as follows :

" As it is not contemplated in this scheme to give double benefits in cases of disability or death resulting from accidents, the benefits herein promised shall not be payable nor paid when the contributor, or any person entitled to damages because of the accident to him, whether resulting in death or not, has or makes a claim against said company or any of the companies operating its branches or divisions, until there be first filed with the committee a release, satisfactory to them, releasing said companies from such damages, signed by all persons entitled to the same."

Following this clause of the constitution, the first by-law of the association provides :

" *First.*—Whenever suit is brought by a member of the association against the Baltimore and Ohio Railroad Company, or any of the companies operating its branches or divisions, such member shall forfeit all claim to any benefits accruing to him subsequent to the date of the institution of the suit."

The plaintiff becoming a member of the association of his own free will, and with a view to the benefits that he would thereby derive, both directly and indirectly, contracted with reference and subject to the foregoing provisions of the charter, the constitution and by-laws of the association ; and by his application for membership, and the contract of admission thereto, among other things, he stipulated as follows :

" I hereby further agree, that in consideration of the contribution of the Baltimore and Ohio Railroad Company to said association, and of the guarantee by the said railroad company of the payment of the benefits aforesaid, the said railroad company shall not be liable to any claim or suit by reason of any accident happening to me while employed in any manner in the service of said company, whether said accident be caused by the negligence of said company, its officers or agents, or otherwise, except as guarantor of the benefits payable to me or my beneficiary, under the terms of this application and agreement ; nevertheless, said association may

require, as a condition precedent to the payment of such benefits, that all acts deemed appropriate or necessary by the secretary of said association to effectuate the release and discharge of said company, be done by those who might bring suit for damages by reason of such injuries or death."

It is to this clause of the agreement, and the releases executed thereunder, that the plaintiff makes objection, and he insists that the whole agreement, and the releases executed in pursuance thereof, are void as being against public policy, because the plaintiff has, by precontract, and as a condition precedent to becoming a member of the association, with right to receive the benefits thereof, stipulated that the Baltimore and Ohio Railroad Company should not be liable to any claim or suit by reason of any accident happening to him while employed in the service of the company, whether such accident be caused by the negligence of the company, its officers or agents, or otherwise. What might be thought of the stipulation for release, if the agreement stood alone, and the plaintiff had declined to receive any benefits from the association after the occurrence of the injury complained of, and had sued for the injury, is a question that we need not decide.   In such case, according to the terms of the constitution and by-laws of the association, he would have forfeited " all claim to any benefits accruing to him subsequent to the date of the institution of the suit."   But in this case the plaintiff having made his election to receive the benefits of the association after the occurrence of the injury, and continued to receive them for a considerable time thereafter, if this action were sustained, the plaintiff would be allowed, in total disregard of the terms of the constitution of the association, to receive double benefits or compensation in respect to the injury sustained by him.   It was upon receipt of benefits from the association that the releases were executed ; and, in our opinion, those releases must be held, both upon principle and good faith, effectual to conclude the plaintiff as to his supposed right of action.   The delay in bringing the action,

if for the purpose of receiving the benefits of the association in the meantime, would simply be an act of fraud, both upon the association and the railroad company.

The question of the validity of these releases has arisen and been considered in several cases, and in all of them, in the absence of fraud or imposition, they have been held to be valid, and to constitute a bar to the action. *Spitze* v. *Balto. & Ohio Railroad Co.,* 75 Md. 162, 171 ; *Fuller* v. *B. & O. Employees Relief Assn.,* 62 Md. 433, 436, 438 ; *Owens* v. *B. & O. Railroad Co.,* 35 Fed. Rep. 715 ; *Martin* v. *B. & O. Railroad Co.,* 41 Fed. Rep. 125.

Whether an employee for adequate consideration may, by precontract, independently of a subsequent release actually executed upon consideration received, stipulate for the release and exoneration of his employer from all liability for and on account of personal injuries that he may receive, whether caused by the negligence of the employer or otherwise, is a question in regard to which there is some contrariety of opinion. The affirmative of this proposition, however, is maintained by respectable authority. It is supposed that there is an obvious distinction between the relation which a railroad company, for instance, holds to its servants and employees, and that which it holds to passengers and freighters ; and that the contractual relation with the former may be subject to conditions and limitations that could not be imposed upon the contracts with the latter. Patterson's Railway Accident Law, 510, 511, and cases cited. But without discussing this question, which we do not decide, we affirm the judgment of the court below, with costs.

*Judgment affirmed.*